**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Selena Hargrove, | No. CV-26-01399-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Anderson & Bates Incorporated, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Doc. 11). Upon the Court's review of the Motion, the Court found numerous deficiencies that warrant denying Plaintiff's Motion.

First, Plaintiff does not adequately substantiate her alleged damages. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Thus, Plaintiff must prove up all damages sought in her Complaint. See id. According to Plaintiff's affidavit, her "rate of pay for the time period at issue (my final workweek), as assigned by Defendants was $1,000 per week." (Doc. 11-1 at 3). But Plaintiff does not attach a written agreement establishing that Defendant agreed to pay her $1,000 per week or explain why she cannot provide the agreement. (See id.) The Court finds that Plaintiff must substantiate her allegations with concrete evidence and not generic contentions. This is especially important because Plaintiff is seeking damages under the Arizona Wage Act ("AWA"), A.R.S. § 23-350, et seq., for

wages greater than the federal and Arizona minimum wages. Accordingly, the Court finds that Plaintiff must submit a written agreement, or explanation as to why there is no written agreement, to establish the amount Defendants agreed to pay Plaintiff.

Second, Plaintiff improperly redacts information in her Motion. Plaintiff attached a page that is nearly completely redacted to her Motion. (See Doc. 11-1 at 5). But Plaintiff does not explain why the content needs to be redacted. (See id.) Accordingly, the Court cannot review the Motion in its entirety and finds that Plaintiff needs to submit the page unredacted for the Court to rule on the Motion.

Counsel has been repeatedly cautioned about the numerous deficiencies in his motions.[1] This Court expects counsel to submit pleadings that contain adequate evidence to support the requested relief without relying on the Court to intervene.

For the reasons set forth,

**IT IS ORDERED denying** Plaintiff's Motion for Default Judgment **without prejudice** and **striking** the Motion. (Doc. 11)

**IT IS FURTHER ORDERED** that Plaintiff may file a renewed motion for default judgment fixing the deficiencies outlined in this Order on or before July 17, 2026.

Dated this 26th day of June, 2026.

_____
Stephen M. McNamee
Senior United States District Judge

---

[1] See Fuehrer v. Edelweiss Phoenix Inc. et al., No. CV-24-00178-PHX-SMM (D. Ariz. Oct. 3, 2024); see also Miles v. Thomas Suites Campus of Care LLC et al., 2:24-cv-01286-SMM-JZB (D. Ariz. Nov, 20, 2025); see also Quigley v. Soul Surgery LLC et al., 2:24-cv-01050-SMM-ASB (D. Ariz Jan. 14, 2026); see also Rasmussen v. Dream Helpers LLC et al., 2:23-cv-01808-SMM-JZB (D. Ariz. Feb. 24, 2025); see also Ramos v. Probuilds LLC et al., 2:23-cv-01111-SMM-DMF (D. Ariz. March 12, 2024); see also Robinson v. Beyond Food LLC et al., 2:23-cv-00443-SMM-CDB (D. Ariz. February 2, 2024); see also Shorty v. Day and Night Medical Trans Inc. et al., 2:23-cv-00084-SMM-ASB (D. Ariz. January 4, 2024); see also Rodriguez v. D'Auto Boys LLC et al, 2:22-cv-01420-SMM-JZB (D. Ariz. April 29, 2024).

- 2 -