**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Selena Hargrove,

        Plaintiff,

v.

Anderson & Bates Incorporated, et al.,

        Defendants.

No. CV-26-01399-PHX-SMM

**ORDER**

This matter is before the Court on Plaintiff's Renewed Motion for Default Judgment. (Doc. 15). Upon the Court's review of the Renewed Motion, the Court found numerous legal and factual deficiencies that warrant denying Plaintiff's Renewed Motion.

## I.    BACKGROUND

On February 27, 2026, Plaintiff Selena Hargrove filed her Complaint seeking unpaid minimum wages under the Fair Labor Standards Acts ("FLSA"), unpaid minimum wages and unpaid wages under the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA"). (Doc. 1). All Defendants were served. (See Docs. 5-7). After Defendants failed to plead or otherwise defend, Plaintiff filed an Application for Entry of Default Against All Defendants. (Doc. 8). On May 5, 2026, the Clerk of Court entered default against all Defendants. (Doc. 9). On June 12, 2026, Plaintiff filed a Motion for Default Judgment as to All Defendants. (Doc. 11). The Court denied Plaintiff's Motion without prejudice due to numerous deficiencies in the Motion. (Doc.

12). Plaintiff then supplemented her motion for default judgment. (Doc. 13). The Court declined to renew Plaintiff's Motion for Default Judgment because the motion lacked an adequate basis in law and facts. (Doc. 14). Plaintiff then filed the instant Renewed Motion for Default Judgment. (Doc. 15).

## II.    LEGAL STANDARD

In the Ninth Circuit, "the common law rights of access to the courts and judicial records are not taken lightly." Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1042 (9th Cir. 2010). There is a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citations omitted). Accordingly, "[t]he normal presumption in litigation is that parties must use their real names." Kamehameha, 596 F.3d at 1042; see also Fed. R. Civ. P. 10(a) (requiring the title of every complaint to "name all the parties"). "This presumption is loosely related to the public's right to open courts, [citation omitted] and the right of private individuals to confront their accusers." Kamehameha, 596 F.3d at 1042 (citations omitted).

Additionally, "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) (citation omitted). "A judgment entered without personal jurisdiction over the parties is void." Id.; see, e.g., Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica, 614 F.2d 1247, 1255–56 (9th Cir. 1980). "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." In re Tuli, 172 F.3d at 712.

Unidentified Doe defendants cannot be served, and thus federal courts lack jurisdiction over them. See Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4[] of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. ... Neither actual notice nor simply naming

the person in the caption of the complaint will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." (internal citations and footnote omitted)). Accordingly, a court cannot impose a sanction of default judgment against Doe defendants when there is no jurisdiction over them. See Vachani v. Yakovlev, No. 15-CV-04296-LB, 2016 WL 1598668, at *3 (N.D. Cal. Apr. 21, 2016); see, e.g., Kohler Co. v. Domainjet, Inc., No. 11-CV-1767 BEN (KSC), 2012 WL 12868267, at *1 (S.D. Cal. Dec. 11, 2012); see, e.g., Raiser v. City of Temecula, No. EDCV1700217RGKRAO, 2018 WL 5098857, at * 5 (C.D. Cal. Sept. 10, 2018).

### III.    DISCUSSION

For the reasons set forth, the Court denies Plaintiff's Renewed Motion for Default Judgment. (Doc. 15).

In Plaintiff's Amended Sworn Affidavit, Plaintiff states: "The pay stub says that it is payable to 'Selena A. Abarca.' Though I have filed suit as 'Selena Hargrove,' Selena A. Abarca is my married name." (Docs. 15-1 at 3; 15-2 at 2) (the pay stub states "Selena A. Abarca."). Based on this information, it appears that Defendants know Plaintiff by her legal name, Selena Abarca, not Selena Hargrove. Plaintiff is required to file her Complaint with her legal name because private individuals cannot adequately confront their accusers when a false name is used in pleadings. See Kamehameha, 596 F.3d at 1042 ("The normal presumption in litigation is that parties must use their real names.").

Additionally, two Defendants in Plaintiff's Complaint are "Jessica Lee Higgins and John Doe Higgins (husband and wife)." (Doc. 1 at 1). But unidentified Doe defendants cannot be served and thus this Court does not have jurisdiction over John Doe Higgins. See Hayakawa, 682 F.2d at 1347 ("Defendants must be served in accordance with Rule 4[] of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. ... Neither actual notice nor simply naming the person in the caption of the complaint will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." (internal citations and footnote omitted)).

Here, it appears that Plaintiff does, in fact, know the name of Defendant John Doe. Plaintiff attached a screenshot of a text message exchange with "Robert Higgins", and it

appears from the screenshot that "Robert Higgins" is the individual that issued Plaintiff her past paychecks. (Doc. 15-3 at 2). Also, in the service document, it states that "Jessica [Higgins] stated she was not married. Despite her assertion, I served her the Summons for John Doe Higgins." (Doc. 7). But Doe defendants cannot be served with process until he or she is identified by his or her real name. If Robert Higgins is the correct name for the Doe Defendant, then Plaintiff must substitute Robert Higgins for John Doe in an amended complaint and serve him with process. Otherwise, this case cannot proceed against John Doe. Accordingly, this Court cannot impose a sanction of default judgment against John Doe Higgins because the Court lacks jurisdiction over him. See In re Tuli, 172 F.3d at 712.

Plaintiff also states in her affidavit that "[m]y counsel redacted certain sensitive information, including . . . Defendant [Anderson & Bates, Inc.'s] address." (Doc. 15-1 at 3). But Defendant Anderson & Bates Inc. is a corporation whose address is publicly known. Thus, it is not sensitive information and should not be redacted.

## IV.    CONCLUSION

The Court expects counsel to submit motions to this Court that have adequate basis in law and fact. It is not the job of the Court to act as Plaintiff's counsel's auditor-in-chief and repeatedly tell Plaintiff's counsel how to perform his job.[1] Throughout this case, the Court has already given counsel two opportunities to fix the deficiencies in his motions. (See Docs. 12; 14). But each subsequent pleading raises new concerns to the Court. Despite these concerns, the Court will allow Plaintiff to file an amended complaint under her real name and with the real name of the John Doe Defendant.

---

[1] See e.g., Fuehrer v. Edelweiss Phoenix Inc. et al., No. CV-24-00178-PHX-SMM (D. Ariz. Oct. 3, 2024); see also Miles v. Thomas Suites Campus of Care LLC et al., 2:24-cv-01286-SMM-JZB (D. Ariz. Nov, 20, 2025); see also Quigley v. Soul Surgery LLC et al., 2:24-cv-01050-SMM-ASB (D. Ariz Jan. 14, 2026); see also Rasmussen v. Dream Helpers LLC et al., 2:23-cv-01808-SMM-JZB (D. Ariz. Feb. 24, 2025); see also Ramos v. Probuilds LLC et al., 2:23-cv-01111-SMM-DMF (D. Ariz. March 12, 2024); see also Robinson v. Beyond Food LLC et al., 2:23-cv-00443-SMM-CDB (D. Ariz. February 2, 2024); see also Shorty v. Day and Night Medical Trans Inc. et al., 2:23-cv-00084-SMM-ASB (D. Ariz. January 4, 2024); see also Rodriguez v. D'Auto Boys LLC et al, 2:22-cv-01420-SMM-JZB (D. Ariz. April 29, 2024).

For the reasons set forth,

**IT IS ORDERED denying** Plaintiff's Renewed Motion for Default Judgment **without prejudice**. (Doc. 15).

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint under her real name and with the real name of the John Doe Defendant <u>on or before August 14, 2026</u>. If Plaintiff fails to timely file an amended complaint with her real name, then this matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED setting aside** the Clerk of Court's entry of default against John Doe Higgins. (Doc. 9).

Dated this 27th day of July, 2026.

_____
Stephen M. McNamee
Senior United States District Judge