**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Selena Hargrove,

Plaintiff,

v.

Anderson & Bates Incorporated, et al.,

Defendants.

No. CV-26-01399-PHX-SMM

**ORDER**

This matter is before the Court on Plaintiff's Renewed Motion for Default Judgment Against Defendants Anderson & Bates, Inc. and Jessica Lee Higgins. (Doc. 21). No response was filed to the Motion. For the following reasons, the Court grants Plaintiff's Motion.

## I. BACKGROUND

Selena Hargrove ("Plaintiff") brings this action pursuant to the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA") against Defendants Anderson & Bates, Inc. ("Anderson & Bates") and Jessica Lee Higgins ("Ms. Higgins") for Defendants' failure to pay minimum wages and unpaid wages. (Doc. 1 at 2). Defendants own and/or operate as Anderson & Bates, Inc., where Plaintiff was employed from 2021 to November 14, 2025. (Id. at 6–7). Plaintiff received a weekly salary of $1,000.00. (Id. at 7). Plaintiff alleges that she was never compensated for her final week of employment with Defendants, during which Plaintiff worked about 12 hours. (Id.) As a result, Plaintiff alleges that Defendants

violated the minimum wage provision of the FLSA and the AMWA and the unpaid wage provision of the AWA.

Plaintiff filed this action on February 27, 2026, and obtained summonses for all Defendants on the same day. (Docs. 1, 2, 4). Plaintiff filed proof of service on April 10, 2026. (Docs. 6, 7, 8). Defendants did not answer or otherwise respond to the Complaint, and Plaintiff moved for the entry of default against Defendants on May 1, 2026. (Doc. 8). The Clerk of Court entered the default on May 5, 2026, (Doc. 9). On June 12, 2026, Plaintiff filed her first motion for default judgment. (Doc. 11). The Court denied the motion without prejudice and struck the motion due to numerous deficiencies in the motion. (Doc. 12). On July 9, 2026, Plaintiff filed a renewed and supplemental motion for default judgment. (Doc. 13). The Court declined to renew Plaintiff's motion. (Doc. 14). On July 22, 2026, Plaintiff filed a second motion for default judgment. (Doc. 15). The Court denied the motion without prejudice due to numerous deficiencies in the motion. (Doc. 16). On August 25, 2026, Plaintiff voluntarily dismissed Defendant John Doe Higgins from this action. (Doc. 19). On September 3, 2026, Plaintiff filed her third motion for default judgment. (Doc. 21).

## II. LEGAL STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Once a party has found to be in default, the Court may, on the plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b). In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys. Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987).

Rule 55 does not require the entry of judgment against a defaulting party; the entry of a judgment by default is completely within the Court's discretion. See, e.g., DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 852 (9th Cir. 2007); Draper v. Coombs,

792 F.2d 915, 924–25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgments are disfavored because public policy favors the resolution of civil cases on their merits. NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016).

A defendant's default acts as their admission of the complaint's well-pleaded allegations of fact. See DIRECTV, Inc., 503 F.3d at 854; Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992). That said, facts necessary to establish each element of the cause of action stated in the complaint that are not themselves stated in the complaint, as well as claims that are legally insufficient, are not established by a defendant's default. See DIRECTV, Inc., 503 F.3d at 854.

To establish a violation of 29 U.S.C. § 206, the minimum wage provision of the FLSA, a plaintiff must demonstrate that 1) they were an employee of the defendant, 2) they were covered under the FLSA, and 3) the defendant failed to pay them minimum wages for the hours worked. See Smith v. November Bar N Grill LLC, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020). The Court may exercise supplemental jurisdiction over Plaintiff's state-law claims, including the AMWA. See 28 U.S.C. § 1367(a); Kuba v. 1-A Agric. Ass'n, 387 F.3d 850, 855–56 (9th Cir. 2004). To state a claim under the AMWA, the defendant must be an "employer" under the statute, the plaintiff must be a qualified employee of the defendant, and the plaintiff must allege that they were "not paid the applicable minimum wage for hours worked." Coe v. Hirsch, 2021 WL 5634798, at *2 (D. Ariz. Dec. 1, 2021) (citing A.R.S. § 23-363).

## III. DISCUSSION

As Defendants have not answered or otherwise appeared in this action, Plaintiff requests that the Court enter default judgment against Defendants in the amount of Plaintiff's unpaid wages in addition to liquidated damages as permitted by the FLSA, the AMWA and the AWA. (Doc. 21); see A.R.S. § 23-364(G); see also A.R.S. § 23-364; see also 29 U.S.C. § 216(b).

**A. Jurisdiction**

The Court finds that it has subject matter jurisdiction in this case because Plaintiff has brought a claim under 29 U.S.C. §§ 206 (the Fair Labor Standards Act or "FLSA"). See 28 U.S.C. § 1331. The remaining counts (Counts 2 and 3) are brought under Arizona law, specifically the Arizona Minimum Wage Act ("AMWA", A.R.S. § 363) and the Arizona Wage Act ("AWA", A.R.S. § 23-350), respectively. Under 28 U.S.C. § 1367(a), this Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The court finds that the state-law claims form part of the same case or controversy as Plaintiff's federal law claims for purposes of § 1367(a), because all the claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Trustees of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003) (citations and internal quotation marks omitted). Further, the Court has personal jurisdiction over both Defendants because they are either organized in, or are residents of, this District, and the record establishes service was effectuated upon them.

**B. Eitel Factors**

The factors the Court considered in deciding whether to grant a monetary default judgment, as delineated by the Ninth Circuit in Eitel v. McCool, are: 1) the possibility of prejudice to the plaintiff, 2) the merits of the claims, 3) the sufficiency of the complaint, 4) the amount of money at stake, if any, 5) the possibility of dispute concerning material facts, 6) whether default was due to excusable neglect, and 7) the policy favoring a decision on the merits. 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**1. The Possibility of Prejudice to Plaintiff**

The Court finds that Plaintiff will be prejudiced if default judgment is denied. Defendants have not appeared in this matter nor defended. Denial of default judgment will cause Plaintiff to incur additional attorney fees and delay in resolving her claims, and

she may be without recourse for recovery of her owed wages. See Zekelman Indus. Inc. v. Marker, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020). Accordingly, the first Eitel factor favors default judgment.

**2. The Merits of the Claims and Sufficiency of the Complaint**

Plaintiff brings claims under the FLSA's minimum wage provision, the AMWA for unpaid minimum wages, and the AWA for unpaid wages. The Court considers the merits and sufficiency of Plaintiff's claims in turn.

a. FLSA Claim

To bring an FLSA claim for unpaid minimum wages, a plaintiff must "allege facts showing that there was a given week in which he was entitled to but denied minimum wages[.]" Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 645 (9th Cir. 2014). As Plaintiff has alleged, she worked for approximately 45 hours during the final week of her employment and was denied the wages that she earned for that time. (Doc. 21 at 6-7). Accordingly, Plaintiff has plausibly alleged that she was entitled to and denied minimum wages by Defendants in violation of the FLSA's minimum wage provision.

b. AMWA Claim

The AMWA requires employers to pay employees the applicable minimum wage in Arizona. See A.R.S. § 23-363. Like the FLSA, the AMWA defines an "employee" as "any person who is or was employed by an employer." A.R.S. § 23-362(A). It further defines an "employer" as "any corporation proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, [and] individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B).

Plaintiff alleges that Defendant Anderson & Bates is a corporation and that Defendant Jessica Lee Higgins is an individual acting in the interest of Defendant Anderson & Bates. (See Doc. 1). Accordingly, the Court finds that Plaintiff has plausibly alleged that Defendants can be held liable as employers under the AMWA. As the Court

found above, Plaintiff has alleged facts to establish that she was not paid wages for the final week of her employment, thus Plaintiff has established a claim under the AMWA.

c. AWA Claim

Under the AWA, "[e]ach employer, on each of the regular paydays, shall pay to the employees all wages due to the employees up to that date[.]" A.R.S. § 23-351(C). An "employee," as defined by the AWA, is very similar to the FLSA and AMWA. See A.R.S. § 23-350(2) (defining "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within" Arizona). "However, the AWA limits the term 'employer' to include 'any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person.'" Avila v. JBL Cleaning Servs. LLC, No. CV-23-00398-PHX-DJH, 2024 WL 863710, at *4 (D. Ariz. Feb. 29, 2024) (quoting A.R.S. § 23-350(3)). That is, "[u]nlike the FLSA and the AMWA, the AWA 'does not ... authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages.'" Id. (quoting Rosen v. Fasttrak Foods LLC, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. Jul. 15, 2021)). Indeed, Plaintiff's Complaint contains an AWA claim against only the entity, Defendant Anderson & Bates, and not the individually-named Defendant. (See Doc. 1 at 11-12).

Accordingly, the Court finds that Plaintiff has plausibly alleged that Defendant Anderson & Bates can be held liable an employer under the AWA. As the Court found above, Plaintiff has alleged facts to establish that Plaintiff was not paid wages for the final week of her employment with Defendant, thus Plaintiff has established a claim under the AWA. This factor favors a default judgment against Defendants.

**3. The Amount of Money at Stake**

Under the third Eitel factor, the Court considers the amount of money at stake. Default judgment is disfavored if the amount of money at stake is inappropriate or

disproportionate to the claims. Gemmel v. Systemhouse, Inc., 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008). Here, Plaintiff seeks trebled damages for the 45 hours she worked but did not receive compensation. (Doc. 21 at 7). Plaintiff's total requested damages amount to $3,000. (Id. at 10). The Court finds that Plaintiff's requested damages are reasonable and proportional to Defendants' failure to pay Plaintiff her owed wages. This factor thus weighs in favor of judgment by default.

**4. The Possibility of Dispute Concerning Material Facts**

There remains a possibility of dispute concerning the material facts alleged by Plaintiff because Plaintiff does not possess an accurate accounting of the hours that Plaintiff worked during the final week of her employment with Defendants regarding her FLSA and AMWA claims. This factor weighs against default judgment on the FLSA and AMWA claims.

**5. Whether Default Was Due to Excusable Neglect**

There is no evidence that Defendants' default in this action was due to excusable neglect, so this factor supports default judgment.

**6. The Policy Favoring a Decision on the Merits**

The final Eitel factor always weighs against an entry of default because default judgments are generally disfavored. But this factor alone is insufficient to prevent an entry of default judgment against a defaulting defendant. Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004). The Court cannot render a decision on the merits because Defendants have failed to answer or otherwise defend this action. Accordingly, the Court finds that the majority of the Eitel factors support an entry of default judgment against Defendants and will now consider the damages to which Plaintiff is entitled.

**7. Damages**

a. FLSA and AMWA Damages

Plaintiff's declaration states that her federal minimum wage damages are $326.25 ($7.25 x 45 hours) and Arizona minimum wage damages are $661.50 ($14.70 x 45

hours). (Doc. 21-1 at 4).When a defendant is found liable under the FLSA, the plaintiff is entitled to their unpaid minimum wages "and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); see Avila, 2024 WL 863710, at *6 ("Double damages are the norm, and single damages are the exception.") (citing Alvarez v. IBP, Inc., 339 F.3d 894, 910 (9th Cir. 2003)). When a defendant is found liable under the AMWA for failure to pay minimum wages, the plaintiff is entitled to treble damages, consisting of the underpaid wages, including interest, "and an additional amount equal to twice the underpaid wages[.]" A.R.S. § 23-364(G); see Bhular, 2024 WL 1160721, at *3 (awarding "trebled damages for unpaid regular wages" under § 23-364(G)). Therefore, Plaintiff's unpaid federal minimum wage damages are doubled to $652.50 and unpaid Arizona minimum wage damages are trebled to $1,984.50.

But because double recovery is prohibited, see Avila, 2024 WL 863710, at *6 (citing Gen. Tel. Co. of the Nw., Inc. v. EEOC, 446 U.S. 318, 333 (1980)), the larger, trebled Arizona minimum wages award of $1,984.50 "engulfs" the federal minimum wages award of $652.50. Therefore, as to minimum wage statutory damages, Plaintiff has established an award of $1,984.50 against all Defendants.

b. AWA Damages

Plaintiff also brought suit against Defendant Anderson & Bates under the AWA, which allows for trebled damages of Plaintiff's unpaid wages (not only unpaid minimum wages) under A.R.S. § 23-355. (See Doc. 1 at 11-12.) Plaintiff's provided declaration states that her rate of pay assigned by Defendants for her final workweek was $1,000, which Plaintiff requested together with trebled damages under the AWA for a total of $3,000.00. (Doc. 21-1 at 4-5); see A.R.S. § 23-350.

In her Motion, Plaintiff does not cite any supporting authority that the Court must treble her liquidated damages under A.R.S. § 23-355. (Doc. 21 at 10). In fact, "[t]he treble damages provision of A.R.S. § 23-355 is discretionary." Alvarez v. Talaveras Renovations LLC, No. CV-23-02654-PHX-DWL, 2024 WL 663431, at *3 (D. Ariz. Feb. 16, 2024) (citing Swanson v. Image Bank, Inc., 77 P.3d 439, 443 (Ariz. 2003) ("Under

the plain language of the statute, the award of treble damages for the bad faith withholding of wages is discretionary with the court."); A.R.S. § 23-355 ("the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." (emphasis added).

Here, Plaintiff's Declaration contains no discussion of whether her wages were withheld in bad faith. (See Doc. 21-1). However, the allegations in the Complaint state that Plaintiff reached out to Defendant Jessica Lee Higgins via text message to inquire when she would be paid but Defendants never responded nor paid Plaintiff. (See Doc. 1 ¶¶ 41, 42). Thus, the Court will treble Plaintiff's AWA damages because she has alleged bad faith in her Complaint. See Heidenthal, 826 F.2d at 917–18 ("upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, the Court will award Plaintiff trebled AWA damages against Defendant Anderson & Bates in the amount of $3,000.00.

Accordingly, for the reasons set forth,

**IT IS ORDERED granting** Plaintiff's Motion for Default Judgment. (Doc. 21).

**IT IS FURTHER ORDERED entering** default judgment in favor of Plaintiff Selena Hargrove and against Defendant Anderson & Bates Inc. in the amount of $3,000.00; and default judgment in favor of Plaintiff Selena Hargrove against Defendants Anderson & Bates Inc. and Jessica Lee Higgins, jointly and severally, in the amount of $1,984.50. These amounts shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED directing** the Clerk of Court to enter judgment accordingly and terminate this action.

**IT IS FURTHER ORDERED** that Plaintiff may file an application for attorney fees and costs on or before October 16, 2026.

Dated this 16th day of September, 2026.

Stephen M. McNamee
Senior United States District Judge